IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02715-LTB-KLM

JEFFREY L. YARBERRY,

    Plaintiff,

v.

TOM J. VILSACK, Secretary, US Department of Agriculture,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Pursuant to Fed. R. Civ P. 12(b)(1) and 12(b)(6)** [Docket No. 23; Filed April 29, 2011] (the "Motion"). Plaintiff, who is proceeding *pro se*, filed a Response [Docket No. 27] in opposition to the Motion on May 13, 2011. Defendant filed a Reply [Docket No. 34] on May 27, 2011.[1] Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED**.

---

[1] On June 3, 2011, Plaintiff filed a Surreply [Docket No. 38]. Neither the Federal Rules of Civil procedure nor the Court's Local Rules allow for the filing of a surreply, *see* D.C.COLO.LCivR 7.1C, and Plaintiff did not seek leave to file one in this case. Accordingly, the Court need not consider the Surreply [#38].

## I. Summary of the Case

On August 20, 2007, Plaintiff sought counseling from the Equal Employment Opportunity Commission ("EEOC") because he believed that the United States Department of Agriculture did not select him to fill a job vacancy due to his age and sex. *Motion* [#23] at 2, ¶¶ 6-7. At the conclusion of the EEOC counseling process, Plaintiff was informed that he needed to file a formal complaint if he wished to pursue his concerns further. *Letter to Plaintiff Dated November 16, 2007* [Docket No. 23-2]. The EEOC instructed Plaintiff that he had "the right to file a formal discrimination complaint with the Department of Agriculture within 15 calendar days." *Id.* Plaintiff never filed a formal complaint with the Department of Agriculture. *Dismissal of Appeal* [Docket No. 23-3] at 1; *Motion* [#23] at 3, ¶ 15. Instead, Plaintiff filed two appeals directly with the EEOC. *Amended Complaint* [Docket No. 5] at 3-5. Both appeals were dismissed because Plaintiff never filed a formal complaint with the Department of Agriculture. *Dismissal of Appeal* [#23-3] at 1 ("Upon a review of the record, it appears that Complainant has not filed a formal EEO complaint and the [Department of Agriculture] has not issued a final decision. Therefore, the Commission has no jurisdiction to review Complainant's case at this time. Accordingly, Complainant's appeal must be, and is, dismissed.").

On November 10, 2010 Plaintiff filed an Amended Complaint [#5] in this Court in which he claims that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e)(2), *et seq.*, and 5 U.S.C. § 2302 by discriminating against him on the basis of his age and sex when considering him for employment.[2] *Amended Complaint* [#5]

---

[2] Plaintiff cites to only these statutes in his Amended Complaint. However, because Plaintiff alleges age discrimination in a hiring decision, Defendant and the Court infer that Plaintiff

at 7, ¶¶ 2.2-2.3.

Defendant contends that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust his administrative remedies before filing this action. *Motion* [#23] at 5. Defendant also contends that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to allege sufficient facts to state a claim under Title VII or the ADEA that is plausible on its face. *Id.* at 8-12.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or

---

also intends to assert a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. *See Motion* [#23] at 12 (arguing that "Plaintiff has failed to state a claim under the ADEA"); *Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that the Court may recharacterize the claims of a *pro se* plaintiff so as to "create a better correspondence between the substance of [the claims] and [their] underlying legal basis").

The Court also notes that although Plaintiff sets out violation of 5 U.S.C. § 2302 as a separate claim, the statute in fact incorporates Title VII and the ADEA by reference and does not create a distinct cause of action. 5 U.S.C. § 2302(b)(1)(A-B) (stating that agencies should not discriminate "on the basis of race, color, religion, sex, or national origin, as prohibited under section 17 of the Civil Rights Act of 1964" nor "on the basis of age, as prohibited under sections 12 and 15 of the ADEA").

factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's

allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. _, 129 S. Ct. 1937, 1949 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

When considering Plaintiff's Amended Complaint [#5] and Response [#27], the Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

The Court of Appeals for the Tenth Circuit has held that "a plaintiff's exhaustion of

his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII – not merely a condition precedent to suit." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). The Court of Appeals has also established that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA." *Id.* When a plaintiff asserts "claims of employment discrimination against the federal government," he "must satisfy various regulatory pre-filing requirements" to exhaust his administrative remedies. *Phipps v. U.S. Postal Serv.*, No. 2:09-cv-102-CW-PMW, 2011 WL 900548, at *3 (D. Utah Mar. 14, 2011) (unreported decision). Specifically, a plaintiff alleging a Title VII or ADEA violation by a federal agency must file a formal complaint with that agency. 29 C.F.R. § 1614.106(a) ("A complaint must be filed with the agency that allegedly discriminated against the complainant."); 29 C.F.R. § 1614.407 (explaining that a plaintiff cannot file a civil action under Title VII or the ADEA until he has filed a formal complaint); *Letter to Plaintiff Dated November 16, 2007* [#23-2] ("[Y]ou now have the right to file a formal discrimination complaint with the Department of Agriculture within 15 calendar days after your receipt of this notice."). "The failure to file an administrative Title VII [or ADEA] claim before bringing suit is jurisdictionally fatal and requires dismissal pursuant to Fed. R. Civ. P. 12(b)(1)." *Underwood v. Geo Group, Inc.*, No. 10-cv-00306-LTB-KLM, 2010 WL 2653316, at *2 (D. Colo. June 30, 2010) (unreported decision) (citing *Shikles*, 426 F.3d at 1317).

The record in this case indicates that Plaintiff never filed a formal complaint with the Department of Agriculture. *Dismissal of Appeal* [#23-3] at 1; *Motion* [#23] at 3, ¶ 15. Because Plaintiff did not file a formal complaint, he did not exhaust his administrative remedies. The Court therefore lacks subject-matter jurisdiction over Plaintiff's claims.

*Shikles*, 426 F.3d at 1317. Accordingly, the Amended Complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). *Id.*; *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice").

As a final matter, Plaintiff filed a Motion for Leave to Amend Original Complaint [Docket No. 36] (the "Motion to Amend") on May 31, 2011.[3] Although Defendant has not yet responded to the Motion to Amend, the Court finds that it is subject to denial on several bases. First, Plaintiff must confer with all other parties before filing any motion, including a motion for leave to amend a pleading. D.C.COLO.LCivR 7.1(A). The Motion does not reflect any efforts to confer with Defendant. *Motion to Amend* [#36]. Second, Plaintiff did not attach a proposed second amended complaint to the Motion to Amend. The Court therefore has no way of reviewing the specific amendments Plaintiff wishes to make to determine if they are permissible and appropriate. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that permitting amendment is not appropriate in situations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment"). Finally, the Motion to Amend provides no indication that Plaintiff has now properly exhausted his administrative

---

[3] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan 13, 2009) (unpublished decision) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.,* 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the Motion to Amend [#36], the Court will assume that the issue is dispositive and requires a recommendation to District Judge Lewis T. Babcock.

remedies. As explained above, the Court lacks subject-matter jurisdiction over Plaintiff's claims. The Court cannot gain jurisdiction until Plaintiff properly exhausts his administrative remedies. Proposing amendment to the Amended Complaint [#5] before the Court has jurisdiction is futile. Accordingly, the Court recommends that the Motion to Amend [#36] should be denied.

## IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant's Motion [#23] be **GRANTED** and Plaintiff's Amended Complaint [#5] be **DISMISSED without prejudice**.

The Court FURTHER **RECOMMENDS** that Plaintiff's Motion to Amend [#36] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 6, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge